The STATE of Texas, Appellant,

v.

Rosemary ABREGO, Appellee.

No. 04–97–00678–CR.

Court of Appeals of Texas,
San Antonio.

April 22, 1998.

Rehearing Overruled May 15, 1998.

Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for Appellant.

Miguel Rodriguez, San Antonio, for Appellee.

Before STONE, GREEN and ANGELINI, JJ.

**OPINION**

STONE, Justice.

This case presents the question of whether a trial court may dismiss an information on an oral motion to quash. Appellee, Rosemary Abrego, was charged by information with the offense of criminal mischief. At a hearing on a speedy trial motion, Abrego's counsel, aside from arguing the merits of the speedy trial motion, argued the information was defective. Without ruling on Abrego's speedy trial motion, the trial court granted an oral motion to quash the information. Because the Code of Criminal Procedure mandates that a motion to quash an information be in writing, we reverse and remand.

## BACKGROUND

In January 1996, Abrego was charged by information with the misdemeanor offense of criminal mischief. Following a reset, trial was scheduled for April 23, 1997. Prior to trial, the affiant to the information died, forcing the State to dismiss the charges. The State re-filed the charges in June 1997, and in July 1997, Abrego filed a motion to set aside the information for failure to afford her a speedy trial.

At the speedy trial hearing, Abrego's counsel began by stating the chronology of the case. During this account, counsel also asserted that the underlying complaint of the information was defective. Initially, the State did not respond to the allegation of a flawed complaint, but rather addressed the reason for the delay in bringing Abrego's suit to trial, to which the court replied, "What about the argument that the complaint is defective anyway? Your complaint is defective." The State disagreed that the complaint was defective, which led to an exchange between the State and trial court regarding the adequacy of the complaint. Upon reurging its position that the complaint was not defective, the State pointed out that a motion to quash, not a speedy trial motion, was the proper vehicle for the defendant to attack a defective charging instrument. The trial court then declared, "I'm going to grant an oral motion to quash right now and then I suggest maybe you guys talk about this. Maybe something can be worked out. Maybe some restitution might solve this problem." The trial court continued by stating, "I haven't addressed the speedy trial motion. I'm addressing the defective complaint. I think its defective...." The trial court's ruling was reduced to an order granting an oral motion to quash the information.

## STATE'S RIGHT TO APPEAL

 Before we consider whether it was error for the trial court to grant an oral motion to quash, we address Abrego's assertion that our court lacks jurisdiction to entertain this appeal. The State is granted the right to appeal in limited circumstances. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp.1998). Under article 44.01(a)(1) of the Code of Criminal Procedure, the State may appeal from a order if the order dismisses a charging instrument or any portion thereof. Within the context of article 44.01(a)(1), appellate jurisdiction is invoked if the trial court's ruling effectively terminates the prosecution. *See State v. Eaves,* 800 S.W.2d 220, 224 (Tex.Crim.App.1990). In *State v. Moreno,* 807 S.W.2d 327, 332 (Tex. Crim.App.1991), the Court of Criminal Appeals held that an order quashing an information terminates the prosecution against an accused, thereby bringing an action within the purview of article 44.01(a)(1), whenever the effect of its order forces any alteration of the indictment or information before the trial on the merits and the State is not willing to comply with that order. *Id.* at 333–34. Pursuing an appeal is sufficient indication that the State is unwilling to alter the indictment. *Id.* at 334. Thus, the fact that the State appeals the dismissal of an amendable information does not vitiate the State's right to appeal. *See id.; see also State v. Garrett,* 824 S.W.2d 181, 183 (Tex.Crim.App.1992). Further, we note that *State v. Howard,* 908 S.W.2d 602 (Tex.App.—Amarillo 1995, no pet.), relied upon by Abrego, is inapposite to the instant case. There, the State was appealing from an interlocutory order granting a motion to suppress oral statements under article 44.01(a)(5). *Howard,* 908 S.W.2d at 604. Because the trial court excluded the statements under the rules of criminal evidence, not under constitutional law, the State was precluded from securing review of an interlocutory review of a general evidentiary ruling. *Id.* Article 44.01(a)(5) was intended for review of orders involving constitutional magnitude; thus, the order from which the State attempted to appeal did not fall within article 44.01(a)(5). *Id.*

Article 44.01 (a)(1)'s entitlement is not similarly restricted. *See State v. Young,* 810 S.W.2d 221 (Tex.Crim.App.1991). The Court of Criminal Appeals has not retreated from its position announced in *Moreno,* and we decline appellee's invitation to do so. We turn then to determine whether the trial court erred in granting an oral motion to quash.

## ORAL MOTION TO QUASH

 The State argues the trial court erred in granting an oral motion to quash because the motion was not properly before the court. Citing *State v. Manning*, 833 S.W.2d 322, 324 (Tex.App.—Waco 1992, no pet.), Abrego contends the State is estopped from arguing about the trial court's action because the State invited the error. While we cannot quarrel with the well-founded principle that a party cannot induce the trial court into an action and then complain on appeal that such action was erroneous, we cannot agree that the rule applies in the instant case. In fact, the record indicates that it was Abrego's interjection of the adequacy of the complaint which precipitated the trial court's diversion which ultimately led it to quash the information. The State's comment that a speedy trial motion was not the proper vehicle by which to attack a charging instrument can be viewed only as an attempt to return the discussion to the only motion properly before the court, not one inviting error.

 Article 27.10 of the Code of Criminal Procedure states in unambiguous terms that "all motions to set aside an indictment or information and all special pleas and exceptions *shall be in writing.*" TEX.CODE CRIM. PROC. ANN. art. 27.10 (Vernon 1996) (emphasis added). Two readily identifiable purposes are furthered by article 27.10's written requirement. First, written notification assures adequate notice to the State either allowing an opportunity for amendment, or at the very least, providing the State an opportunity to prepare for a hearing on such issue. Second, article 27.10's written requirement preserves matters for appellate review. *Cf. Faulks v. State,* 528 S.W.2d 607, 609 (Tex.Crim.App.1975). The written motion ensures that the State receives meaningful review of the defendant's successful challenge. The record in the instant case demonstrates the wisdom behind the need for a written motion. Not only was the State put in the difficult position of arguing a seemingly irrelevant matter, but we are unable to give meaningful review to such complaint of alleged defect. Because the trial court entertained an oral motion to quash in derogation of article 27.10, we re-verse the order of the trial court quashing the information and remand the cause to the trial court with instructions to reinstate the information against Abrego.