### The STATE of Texas, Appellant,

v.

### Michael Dean GOLDSBERRY, Appellee.

#### No. 01–99–00890–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 17, 2000.

Rehearing Overruled March 10, 2000.

---

Mike DeGuerin, Houston, for Appellee.

Dan McCrory, John B. Holmes, Houston, for Appellee.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE.*

## OPINION

O'CONNOR, Justice.

The State appeals the trial court's granting of a motion to quash indictment filed by Michael Dean Goldsberry, the appellee. We reverse.

## Procedural Background

The State charged the appellee with the offense of abuse of official capacity. The appellee filed two motions to quash. One motion raised the argument that the indictment did not give the appellee adequate notice of the charged offense. The second motion raised the argument that Section 39.02(a)(2) of the Penal Code is unconstitutional on its face.

The parties presented arguments on both motions at a pretrial hearing. The

trial court declined to rule on the appellee's motion raising the constitutional argument and granted the motion raising the inadequate notice claim.

In one point of error, the State argues the trial court erred in granting the motion to quash.

## Adequate Notice

### A. Standard

■ We review a trial court's ruling on a motion to quash an indictment for an abuse of discretion. *Thomas v. State,* 621 S.W.2d 158, 163 (Tex.Crim.App.1980).

■ A charging instrument must convey sufficient notice to allow the accused to prepare his defense. *See* Tex.Code Crim. Proc. § 21.03 (everything that the State must prove should be in the indictment); *State v. Mays,* 967 S.W.2d 404, 406 (Tex. Crim.App.1998). The Texas Code of Criminal Procedure provides that "[t]he certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar to any prosecution for the same offense." Tex.Code Crim. Proc. art. 21.04. Code of Criminal Procedure article 21.11 provides, in pertinent part, that:

> [a]n indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of *common understanding* to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment.

Tex.Code Crim. Proc. art. 21.11.

■ Thus, an indictment must allege, in plain and intelligible language, all the facts and circumstances necessary to establish all the material elements of the offense

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

charged. *See* Tex.Code Crim. Proc. art. 21.02(7) (requiring that "[t]he offense must be set forth in plain and intelligible words"); *see also Garcia v. State*, 981 S.W.2d 683, 685 (Tex.Crim.App.1998) (holding that an indictment need not specify the precise date when the charged offense occurred because time usually is not a material element of an offense).

■ As a general rule, an indictment tracking the language of the statute will satisfy constitutional and statutory requirements; the State need not allege facts that are merely evidentiary in nature. *Mays*, 967 S.W.2d at 406. There are two exceptions to the general rule. First, when an indictment contains a necessary allegation of an act by the defendant that comprises more than one statutorily defined means of its performance, but the indictment does not specify which of the statutory definitions of the act is relied upon, the indictment based on the statutory language does not provide the constitutionally required notice. *See Gibbons v. State*, 652 S.W.2d 413, 415 (Tex.Crim.App. 1983); *see also Mays*, 967 S.W.2d at 409 (Baird, J., concurring). Second, when the statutory language is not completely descriptive, an indictment based on the statutory language is not sufficient to provide the constitutionally required notice to the defendant. *Haecker v. State*, 571 S.W.2d 920, 921 (Tex.Crim.App.1978); *see also Mays*, 967 S.W.2d at 409 (Baird, J., concurring).

**B. The appellee's written motion to quash**

The indictment, which tracked the Penal Code,[1] alleged that the appellee on or about and between May 28, 1997 and May 6, 1998, did then and there unlawfully, while a public servant, namely, an employee of the City of Houston, and with intent to obtain a benefit, intentionally and knowingly misuse government property and services, namely, a computer system and computer services that had come into the Defendant's custody and possession by virtue of his office and employment and the value of the use of these things misused was at least fifteen hundred dollars and less than twenty thousand dollars.

In the appellee's motion to quash, he argued the indictment did not give him adequate notice regarding the element of intent because the statutory definition of "benefit" was general, vague, and included alternate meanings; and the indictment did not name the person who would receive the benefit.

**1. "Benefit"**

■ Generally, when a term is defined in the penal statutes, it is permissible to use that term without further allegations in the indictment because the defendant is presumed to be on notice of statutory definitions. *Thomas*, 621 S.W.2d at 161. However, if a definition provides for more than one manner or means to commit an act or omission, then, upon timely request, the State must allege the particular manner or means on which it relies. *Ferguson v. State*, 622 S.W.2d 846, 851 (Tex. Crim.App.1980). However, this rule applies only when the statutory term describes an act or omission of the defendant. *Lewis v. State*, 659 S.W.2d 429, 431 (Tex.Crim.App.1983).

The appellee concedes that the term "benefit" does not constitute an "act" and the State was required to prove only that he acted with intent to obtain a benefit. However, the appellee asserts the indictment is still not sufficient because the indictment does not specify the *type* of

1. A public servant commits an offense if, with intent to obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly: ...

(2) misuses government property, services, personnel, or any other thing of value belonging to the government that has come into the public servant's custody or possession by virtue of the public servant's office or employment.

Tex. Penal Code 39.02(a)(2).

benefit, and he was entitled to more information about the nature of the benefit. By way of example, the appellee argues that watching the "Jerry Springer" show on a county television would not violate Section 39.02(a)(2) because there would be no economic gain or advantage. Without addressing the benefits of watching the "Jerry Springer" show, we do not agree with the appellee's argument.

■■■■ The Penal Code defines "benefit" to mean "anything reasonably regarded as economic gain or advantage, including benefit to any person in whose welfare the beneficiary is interested." Tex. Penal Code § 1.07(a)(7). Definitions of terms and elements are essentially evidentiary and need not be alleged in the indictment. *Lewis*, 659 S.W.2d at 431. A motion to quash an indictment will be granted if the facts essential to giving notice have been omitted, but the indictment need not plead evidence relied on by the State. *Thomas*, 621 S.W.2d at 161.

The State was required to allege, and did allege, that the appellee intended to obtain a benefit when he allegedly misused government property and services. How the appellee, or another, benefitted from the appellee's alleged misuse of government property and services is evidentiary in nature; therefore, the State was not required to allege further details about the "benefit" in the indictment. *Cf. Thomas*, 621 S.W.2d at 161, 164 ("owner" is statutorily defined and does not go to the act or omission of defendant; further details were evidentiary); *Phillips v. State*, 597 S.W.2d 929, 935 (Tex.Crim.App.1980) (facts were not required in indictment to show basis of defendant's "intent to violate and abuse" the complainants "sexually" because such information was evidentiary); *State v. Bartee*, 894 S.W.2d 34, 44–45 (Tex. App.—San Antonio 1994, no pet.) ("owner" is statutorily defined and the particular type of ownership upon which prosecution would rely is evidentiary).

### 2. The beneficiary

■■■ The indictment alleged the appellee was the perpetrator of the crime, but did not identify the beneficiary; therefore, the appellee contends the indictment gives rise to multiple inferences about who benefitted from the crime. The appellee argues the identity of the beneficiary is required under the terms of Code of Criminal Procedure article 21.05, which provides as follows:

> Where a particular intent is a material fact in the description of the offense, it must be stated in the indictment; but in any case where an intent to defraud is required to constitute an offense, it shall be sufficient to allege an intent to defraud, without naming therein the particular person intended to be defrauded.

Tex.Code Crim. Proc. art. 21.05.

■■■ We do not disagree that Article 21.05 applies here. The requisite intent was to obtain a benefit; the intended beneficiary is not an element of that intent. Whether the appellee intended to obtain a benefit for himself or for another is evidentiary in nature; therefore, the State was not required to allege further details about the beneficiary in the indictment. *Cf. Moreno v. State*, 721 S.W.2d 295, 300 (Tex.Crim.App.1986) (in appeal of conviction for capital murder, trial court did not err in overruling motion to quash that complained defendant was entitled to notice of facts proving state trooper was in lawful discharge of his duties when killed because defendant is entitled to adequate notice of the acts he [and not another] is alleged to have committed); *Thomas*, 621 S.W.2d at 163 (noting that whether owner has title, possession, or greater right to possession does not benefit defendant).

The trial court erred in granting the written motion to quash on the grounds that the indictment did not provide adequate notice of the term "benefit" or the identity of the beneficiary.

### C. The appellee's oral motion to quash

During argument on the appellee's written motions to quash, the appellee urged an additional ground to quash the indictment that was not contained in his written motions. The appellee argued that the indictment was insufficient because it did not indicate *how* the appellee misused government property. On appeal, the appellee concedes that an oral motion to quash does not preserve error. However, the appellee contends that because the State is the appellant here, it was the State's obligation to preserve any error on the trial court's part in granting the motion to quash. We disagree.

All motions to set aside an indictment must be in writing. *See* Tex.Code Crim. Proc. art. 27.10. Article 27.10 serves two purposes. First, written notification assures adequate notice to the State either allowing an opportunity for amendment, or providing the State an opportunity to prepare for a hearing on such issue. *State v. Abrego,* 974 S.W.2d 177, 179 (Tex.App.—San Antonio 1998, no pet.) (reversing trial court's granting of defendant's oral motion to quash). Second, written notification preserves any error for appellate review. *Id.* The written motion ensures that the State receives meaningful review of the defendant's successful challenge. *Id.*

If the trial court quashed the indictment based on the appellee's oral motion, it was error to do so.[2]

We sustain the State's sole point of error.

We reverse the trial court's judgment and remand for further proceedings.

---

2. The appellee is not precluded from filing another written motion to quash, raising his argument that the indictment did not provide adequate notice of how the appellee misused government property and services.