Opinion Issued October 21, 2004












                                              
In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00857-CR




EMMANUEL CASAS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 4
 Harris County, Texas
                                         Trial Court Cause No. 1178826




O P I N I O N

          Appellant, Emmanuel Casas, was convicted in a trial de novo in the County
Court of the offense of possession of drug paraphernalia. Pursuant to a plea-bargain
agreement, the trial court assessed a $180 fine. We determine whether the trial court
abused its discretion in denying appellant’s motion to quash. We affirm.
Background
          On December 11, 2002, appellant was charged by written citation with the
misdemeanor offense of possession of drug paraphernalia. Appellant waived his right
to a jury trial and entered a plea of not guilty in the Justice of the Peace Court. The
Justice of the Peace court found appellant guilty on May 27, 2003. Appellant
appealed to the County Court.


 On June 23, 2003, appellant filed a written motion
to quash, which the trial court denied. Appellant pleaded guilty to the offense of
possession of drug paraphernalia, and the trial court assessed a fine of $180 on
August 14, 2003. Motion to Quash
          In his sole issue, appellant contends that the trial court erred in denying his
motion to quash because neither the ticket, nor the affidavit on the back of the ticket,
stated an offense. Here, the notice of violation served as the charging instrument. 
When the plea upon trial de novo in the trial court is “guilty,” the duplicate copy of
the notice of violation upon which the conviction was based in the inferior court may
serve as the complaint. Op. Atty. Gen. 1988, No. JM-869. Specifically, appellant
contends that, because the word paraphernalia was misspelled as “pheraphalia” on the
ticket and improperly abbreviated as “phera” on the accompanying affidavit, the
complaint did not state an offense for which appellant could prepare a defense. 

 
          A trial court’s ruling on a motion to quash is reviewed for an abuse of
discretion. Thomas v. State, 621 S.W.2d 158, 163 (Tex. Crim. App. 1980); State v.
Goldsberry, 14 S.W.3d 770, 772 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). 
A court conducting a trial de novo based on an appeal from a justice court may
dismiss the cause because of a defect in the complaint only if the defendant objected
to the defect before the trial began in the justice court. Tex. Code Crim. Proc. Ann.
art. 44.181 (Vernon Supp. 2004-2005); Motherwell v. State, No. 05-99-00649-CR,
2000 WL 1240005 (Tex. App.—Dallas, Aug. 31, 2000, no pet.)(not designated for
publication). The record here does not reflect that appellant objected to the
complaint’s defect until after the trial in the Justice Court had already concluded and
the cause was on appeal in the County Court. Accordingly, the trial court did not
abuse its discretion in denying the motion to quash. See Tex. Code Crim. Proc.
Ann. art. 44.181. 

 
          We overrule appellant’s sole point of error. 

 
 

Conclusion
We affirm the judgment of the trial court.
 
Tim Taft
Justice

Panel consists of Justices Taft, Jennings, and Bland. 
 
Publish. Tex. R. App. P. 47.2(b).