Opinion issued February 17, 2005







 



 





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01014-CR




DON WAYNE BASEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause No. 13,808




MEMORANDUM OPINION
          Don Basey, appellant, pleaded not guilty to failure to comply with sex offender
registration. The jury found him guilty and the trial court assessed punishment at
three-years’ confinement. In two points of error, appellant contends that the trial
court erred in (1) denying appellant’s motion to set aside the indictment and (2)
denying appellant’s requests and overruling his objections to the jury charge. We
affirm.
                                                            BACKGROUND
          On June 22, 1989, appellant was convicted of the felony offense of indecency
with a child in Travis County. Appellant then registered as a sex offender at the
address of 12314 Hickory Street, Burton, Washington County, Texas. On or about
January 13, 2003, appellant moved and “lived at” or “resided at” 817 Gay Hill Street,
Brenham, Washington County. After he made this move, appellant did not register
as a sex offender. A person commits a third-degree felony if the person is required
to register and fails to comply with any requirement of the sex offender registration
program (“SORP”) statute. Tex. Code Crim. Proc. Ann. art. 62.10(a) (Vernon
Supp. 2004-2005). Appellant was indicted for failure to comply with sex offender
registration on February 13, 2003.
          Prior to trial, appellant filed a motion to set aside the indictment. In his motion,
appellant argued that the indictment was defective because the indictment failed to
allege all the essential acts or omissions by the defendant necessary to constitute a
violation under the SORP statute. The trial court denied appellant’s motion. This
appeal followed. 
Motion to Set Aside the Indictment
          In his first point of error, appellant asserts that the trial court erred in denying
appellant’s motion to set aside the indictment. Specifically, appellant contends the
indictment fails (1) to state sufficient facts to constitute an offense by using an
indictment that leaves it unclear as to whether the alleged date to notify law
enforcement occurred within seven days before appellant allegedly changed his
address or within seven days after he allegedly changed his address; and (2) to allege
specific facts sufficient to give appellant notice of the charged offense. 
          We review the trial court’s ruling on a motion to set aside the indictment for
an abuse of discretion. Thomas v. State, 621 S.W.2d 158, 163 (Tex. Crim. App.
1981) (op. on reh’g); State v. Goldsberry, 14 S.W.3d 770, 772 (Tex. App.—Houston
[1st Dist.] 2000, pet. ref’d). A trial court abuses its discretion if it acts without
reference to guiding rules and principles, or acts arbitrarily or unreasonably. Lyles
v. State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993).
          An indictment must convey sufficient notice to allow the accused to prepare
his defense. See Tex. Code Crim. Proc. Ann. art. 21.03 (Vernon 1989) (everything
that the State must prove should be in the indictment); State v. Mays, 967 S.W.2d
404, 406 (Tex. Crim. App. 1998). The Texas Code of Criminal Procedure provides
that “[t]he certainty required in an indictment is such as will enable the accused to
plead the judgment that may be given upon it in bar of any prosecution for the same
offense.” Tex. Code Crim. Proc. Ann. art. 21.04 (Vernon 1989). Article 21.11 of
the Texas Code of Criminal Procedure provides, in pertinent part, that
[a]n indictment shall be deemed sufficient which charges
the commission of the offense in ordinary and concise
language in such a manner as to enable a person of
common understanding to know what is meant, and with
that degree of certainty that will give the defendant notice
of the particular offense with which he is charged, and
enable the court, on conviction, to pronounce the proper
judgment . . . .
 
Tex. Code Crim. Proc. Ann. art. 21.11 (Vernon 1989).
          Thus, an indictment must allege, in plain and intelligible language, all the facts
and circumstances necessary to establish all the material elements of the offense
charged. See Tex. Code Crim. Proc. Ann. art. 21.02(7) (Vernon 1989) (requiring
that “[t]he offense must be set forth in plain and intelligible words”); Garcia v. State,
981 S.W.2d 683, 685 (Tex. Crim. App. 1998) (holding that an indictment need not
specify the precise date when the charged offense occurred because time usually is
not a material element of an offense).
          Generally, an indictment that tracks the statutory language is legally sufficient,
and it need not allege facts that are merely evidentiary in nature. Bynum v. State, 767
S.W.2d 769, 778 (Tex. Crim. App. 1989). 
          The State’s indictment alleged that
Don Wayne Basey, defendant herein, . . . did then and
there, while being a person required to register with the
local law enforcement authority in the municipality where
the defendant resided or intended to reside for more than
seven days, to wit: Brenham County, Texas, because of a
reportable conviction for Indecency With a Child,
intentionally, knowingly, or recklessly fail to notify law
enforcement of change of address within seven days as
required by law . . . .
(emphasis added). Article 62.04 of the SORP statute, in relevant part, states
(a) If a person required to register intends to change
address, regardless of whether the person intends to move
to another state, the person shall, not later than the seventh
day before the intended change, report in person to the
local law enforcement authority. . . If a person required to
register changes address, the person shall, not later than the
seventh day after changing the address, report in person to
the local law enforcement authority . . . .
 
Tex. Code Crim. Proc. Ann. art. 62.04(a) (Vernon Supp. 2004-2005). Appellant
argues that “[n]owhere does the applicable statute state that an accused must notify
law enforcement ‘within seven days’ of a change of address . . . .” Appellant, in his
brief, outlines a number of hypothetical scenarios that the jury could possibly have
considered in order to convict appellant on the indictment used at trial, but that would
not have violated the statute.
          The language in the indictment regarding a statutory duty to register is derived
from the SORP statute. See Tex. Code Crim. Proc. Ann. art. 62.02(a) (Vernon
Supp. 2004-2005). The SORP statute prescribes a sex offender’s duty to “satisfy the
requirements of this subsection not later than the seventh day after the person’s
arrival in the municipality or county” where he intends to reside or resides for more
than seven days. Tex. Code Crim. Proc. Ann. art. 62.02(a) (Vernon Supp. 2004-2005). Because the indictment stated the source of appellant’s duty–the fact that he
is a sex offender–and the timing within which he had to register–not later than the
seventh day after changing an address–the indictment gives sufficient notice of the
offense for which appellant was charged. Providing more detail about the manner in
which one should register would involve alleging facts that are merely evidentiary. 
See Mays v. State, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998) (The indictment “by
carefully tracking the statutory definition of a manner or means of commission [of the
offense], provided ample notice to appellee.”); see also Moreno v. State, 721 S.W.2d
295, 300 (Tex. Crim. App. 1986) (holding that an indictment was not defective for
failing to allege specific acts of victim, a peace officer, which constituted his acting
in discharge of his duties). The trial court did not abuse its discretion in denying
appellant’s motion to set aside the indictment.
              Accordingly, we overrule appellant’s first point of error.
Jury Charge
          In his second point of error, appellant asserts that the trial court erred in
denying appellant’s requests and overruling his objections to the jury charge. 
Specifically, appellant contends that the trial court erred in denying his request that
the jury charge (1) be clarified to state that the defendant has “a 14-day window rather
than a seven-day window prior to the intended move” and (2) include a jury
instruction that the terms “change of address,” “intent to change address,” or “change
of residence” are not defined by the SORP statute. 
          When reviewing charge errors, an appellate court must undertake a two-step
review: first, we must determine whether error actually exists in the charge; second,
if we find error, we must determine whether sufficient harm resulted from the error
to require reversal. See Abdnor v. State, 871 S.W.2d 726, 731-32 (Tex. Crim. App.
1994). 
14-day Window
          Here, the jury charge, tracking the language of the indictment, referred to
appellant’s failure “to notify law enforcement of a change of address within seven
days as required by law.” The SORP statute pertaining to a change of address
requires a sex offender to register not later than the seventh day before the intended
change of address to his primary registration authority as well as to register not later
than the seventh day after changing the address to the local law enforcement authority
in the municipality or county in which his new residence is located. Tex. Code
Crim. Proc. Ann. art. 62.04(a) (Vernon Supp. 2004-2005) (emphasis added). 
Therefore, the charge does not describe a “seven day [sic] window” as appellant
claims, but rather the last deadline by which appellant had to register in his new
municipality of residence. The statute does not require that a person must fail to
register in both locations–the place the person formerly resided and the place he
intends to reside in–before an offense has been committed; on the contrary, “[a]
person commits an offense if the person is required to register and fails to comply
with any requirement of this chapter.” Tex. Code Crim. Proc. Ann. art. 62.10(a)
(Vernon Supp. 2004-2005) (emphasis added). The trial court did not err in refusing
to grant appellant’s request for a “14-day window.”
Lack of Statutory Definitions
          Chapter 62.01 of the Texas Code of Criminal Procedure governs the SORP
statute. Article 62.04 provides in pertinent part, If a person required to register intends to change address,
regardless of whether the person intends to move to
another state, the person shall, not later than the seventh
day before the intended change, report in person to the
local law enforcement authority designated as the person’s
primary registration authority . . . and provide the authority
and the officer with the person’s anticipated move date and
new address. If a person required to register changes
address, the person shall, not later than the seventh day
after changing the address, report in person to the local law
enforcement authority in the municipality or county in
which the person’s new residence is located and provide
the authority with proof of identity and proof of residence. 
 
Tex. Code Crim. Proc. Ann. art. 62.04(a) (Vernon Supp. 2004-2005).
          Here, there is no error in denying appellant’s requested jury instruction. When
words are not defined in a statute, they are ordinarily given their plain meaning unless
the statute clearly shows that they were used in some other sense. Daniels v. State,
754 S.W.2d 214, 219 (Tex. Crim. App. 1988). If the meaning of the statutory text
should have been plain to the legislators who voted on it, then we ordinarily give
effect to that plain meaning. See Smith v. State, 789 S.W.2d 590, 592 (Tex. Crim.
App. 1990). Statutory words are to be “read in context and construed according to
the rules of grammar and common usage.” Tex. Gov’t Code Ann. § 311.011(a)
(Vernon 1998). Because the statute does not clearly show that the phrases “change
of address” or “change in residence” were used in a sense different from their plain
meaning, a jury should give the terms their plain meaning. A jury instruction telling
jurors to use the plain meaning of these terms was not required. Therefore, the trial
court did not err in denying appellant’s requests and overruling his objections to the
jury charge.
          Accordingly, we overrule appellant’s second point of error. 
CONCLUSION
          We affirm the judgment of the trial court.
 
 
 
                                                             Sherry Radack
                                                             Chief Justice


Panel consists of Chief Justice Radack and Justices Higley and Bland.
Do not publish. Tex R. App. P. 47.2(b).