NOS. 12-04-00133-CR
          12-04-00134-CR
          12-04-00135-CR
          12-04-00136-CR
          12-04-00137-CR
          12-04-00138-CR
          12-04-00139-CR
          12-04-00140-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
RODGER DALE MONK,                                  §                 APPEAL FROM THE 8TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 HOPKINS COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Rodger Dale Monk appeals seven convictions for aggravated sexual assault of a child, seven
convictions for indecency with a child, and one conviction for sexual assault of a child. Appellant
was sentenced to imprisonment for life for each aggravated sexual assault charge and imprisonment
for twenty years on each of the remaining causes. He was also fined ten thousand dollars in each
cause. Appellant raises four issues on appeal. We affirm.
 
 
Background
            Appellant was charged by multiple indictments with seven counts of aggravated sexual
assault of a child, eight counts of indecency with a child, and one count of sexual assault of a child. 
Appellant pleaded guilty as charged on all counts. The trial court found Appellant guilty as charged
on all counts save for one count of indecency with a child. The trial court sentenced Appellant to
imprisonment for life for each aggravated sexual assault charge. The trial court further sentenced
Appellant to imprisonment for twenty years on each of the remaining causes. Over Appellant’s
objection, the State made an oral motion to cumulate Appellant’s sentences in two causes. The trial
court granted the State’s motion and ordered that Appellant’s sentences on two convictions for
aggravated assault and two convictions for indecency with a child


 run consecutively to another of
Appellant’s life sentences for aggravated sexual assault.


 This appeal followed.
 
Motion to Cumulate
            In his first issue, Appellant argues that the trial court erred in granting the State’s oral motion
to cumulate Appellant’s sentences. In support of his contention, Appellant relies on Texas Code of
Criminal Procedure, article 27.10 and State v. Abrego, 974 S.W.2d 177 (Tex. App.–San Antonio
1998, no pet.). Article 27.10 provides that “[a]ll motions to set aside an indictment or information
and all special pleas and exceptions shall be in writing.” Tex. Code Crim. Proc. Ann. art. 27.10
(Vernon 1989). Likewise, in Abrego, the court of appeals, citing Article 27.10, held that a motion
to quash an indictment or information must be in writing. See id. at 179. 
            Appellant urges that we conclude that a motion to cumulate sentences qualifies as a special
plea or exception as referenced in Article 27.10. We decline to reach such a conclusion. Appellant
has cited no authority supporting his contention that a motion to cumulate sentences qualifies as a
special plea or exception pursuant to Article 27.10, thereby requiring that it be in writing. Indeed,
as the State notes in its brief, a motion to cumulate is not referenced in the description of the term
“special plea” in the Code of Criminal Procedure. In fact, Texas Code of Criminal Procedure, article
27.05 expressly excludes other pleas from such categorization, stating that a defendant’s “only
special plea is that he has already been prosecuted for the same or a different offense arising out of
the same criminal episode . . . ” See Tex. Code Crim. Proc. Ann. art. 27.05 (Vernon 1989). We
hold that the trial court did not err in granting the State’s oral motion to cumulate.



            Appellant further contends that since he elected to have the jury assess his punishment, the
trial court was without jurisdiction to cumulate his sentences as the general rule provides that
sentences will run concurrently. Appellant cites no authority for his proposition that the trial court
lacks subject matter jurisdiction to so act when the jury assesses punishment. To the contrary, the
Texas Penal Code sets forth that, as in the case at hand, when the accused is found guilty of more
than one offense arising out of the same criminal episode, the trial court may order that the sentences
run concurrently or consecutively if each sentence is for a conviction under Texas Penal Code,
section 21.11 or 22.021 against a victim younger than seventeen years of age at the time of the
commission of the offense. See Tex. Pen. Code Ann. § 3.03(b)(2)(A) (Vernon 2003). 
            Here, Appellant was convicted for indecency with a child and aggravated sexual assault of
a child. In each case, the record reflects that the victims were younger than age seventeen at the time
of the offenses. We hold that the trial court had jurisdiction to order that Appellant’s sentences run
consecutively. Appellant’s first issue is overruled.
 
Double Jeopardy
            In his second issue, Appellant argues that his convictions for sexual assault and indecency
with a child by contact for the same conduct violate his constitutional guarantees against double
jeopardy. Conceptually, the State and federal double jeopardy provisions are identical. Stephens
v. State, 806 S.W.2d 812, 814 (Tex. Crim. App. 1990). 
            The Double Jeopardy Clause provides that no person shall “be subject for the same offence
to be twice put in jeopardy of life or limb.” U.S. Const., amend. V; see also Ex parte Infante, 151
S.W.3d 255, 260 (Tex. App.–Texarkana 2004, no pet.) (“The Double Jeopardy Clause of the Fifth
Amendment embodies several concepts: it protects a person from being twice prosecuted for the
same offense; it precludes the State from prosecuting someone for the same offense or a
lesser-included offense after a jury has acquitted the accused; and it bars punishing a person more
than once for the same offense.”). 
            The double jeopardy bar applies to successive prosecutions and successive punishments for
the same criminal offense, but only if the two offenses for which the defendant is punished or tried
are the same “offense” as defined by the “same elements” or “Blockburger” test. See United States
v. Dixon, 509 U.S. 688, 696, 113 S. Ct. 2849, 2856, 125 L. Ed. 2d 556 (1993); Blockburger v.
United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932). The Blockburger test
inquires whether each offense contains an element not contained in the other; if not, they are the
"same offence" and double jeopardy bars additional punishment and successive prosecution. Dixon,
509 U.S. at 696, 113 S. Ct. at 2856. 
            To determine whether offenses are the same for double jeopardy purposes, we must construe
the statutory provisions in question to discern “the allowable unit of prosecution,” which is “a
distinguishable discrete act that is a separate violation of the statute.” See Nickerson v. State, 69
S.W.3d 661, 671 (Tex. App.–Waco 2002, pet. ref’d). This distinction is critical because the Double
Jeopardy Clause acts to prevent prosecution only for an “identical criminal act”; it does not serve to
prohibit subsequent prosecutions merely because the accused has been charged with a similarly titled
offense as that for which he or she was previously convicted. See Ex parte Goodbread, 967 S.W.2d
859, 860 (Tex. Crim. App. 1998).
            Thus, the essential elements of an offense relevant to a double jeopardy inquiry are those that
are alleged in the charging instrument, not merely those set forth solely in the penal statute. See Ex
parte Rhodes, 974 S.W.2d 735, 740–41 (Tex. Crim. App. 1998). If an indictment requires proof of
a fact that another indictment does not, the indictments do not allege the same offense, and jeopardy
does not bar successive prosecution. See Dixon, 509 U.S. at 696, 113 S. Ct. at 2856. It follows that
“when the facts giving rise to an indecency charge are not the same as those that support a
prosecution for aggravated sexual assault, the former will not be deemed to be a lesser-included
offense of the latter, and both may be prosecuted without violating the Double Jeopardy Clause.” 
Infante, 151 S.W.3d at 261.
            The offenses of aggravated sexual assault of a child and sexual assault of a child can each
be committed in several ways. For instance, a person commits the offense of aggravated sexual
assault of a child if he intentionally or knowingly causes the penetration of the female sex organ or
mouth of a child younger than fourteen years of age by any means. See Tex. Pen. Code Ann.
§ 22.021(a)(B) (Vernon Supp. 2004–05); see also Tex. Pen. Code Ann. §§ 22.011(a)(2), (c)
(Vernon Supp. 2004–05) (relating to the offense of sexual assault of a child). Similarly, the offense
of indecency with a child can be committed in multiple ways. For example, a person commits the
offense of indecency with a child by touching the anus, breast, or any part of the genitals of a child
with the intent to arouse or gratify the sexual desires of another. See Tex. Pen. Code Ann.
§§ 21.11(a)(1), 21.01(2) (Vernon 2003). 
            In the case at hand, Appellant raises double jeopardy issues with respect to two indictments. 
The indictment in cause number 0216585 charged Appellant with one count of sexual assault for
intentionally or knowingly causing the penetration of the female sexual organ of T.E.S. by
Appellant’s sexual organ. The indictment further contained two counts of indecency. The first
indecency count alleged that Appellant intentionally or knowingly engaged in sexual contact with
T.E.S. by touching her breast. The second indecency count alleged that Appellant intentionally or
knowingly engaged in sexual contact with T.E.S. by touching her genitals. The charged conduct in
this cause was alleged to have occurred on or about November 25, 2001. 
            The indictment in cause number 0216487 charged Appellant with two counts of aggravated
sexual assault of a child and two counts of indecency with a child. The first aggravated sexual
assault count charges that Appellant intentionally or knowingly caused the penetration of the female
sexual organ of T.E.S. by Appellant’s sexual organ. The second aggravated sexual assault count
alleges that Appellant intentionally or knowingly caused the penetration of the mouth of T.E.S. by
Appellant’s sexual organ. The first indecency count charges that Appellant intentionally or
knowingly engaged in sexual contact with T.E.S. by touching her genitals, while the second
indecency count alleges that Appellant intentionally or knowingly engaged in sexual contact with
T.E.S. by touching her breast. The charged conduct in this cause was alleged to have occurred on
or about April 17, 1998.
            From our review of the record, we conclude that the various counts alleged with respect to
cause numbers 0216585 and 0216487 each required proof of a fact that the other counts did not. 
The facts alleged with regard to each count in question comprise a distinguishable discrete act that
is a separate violation of the law from the facts alleged with respect to the remaining counts. 
Therefore, we hold that Appellant’s constitutional guarantees against double jeopardy were not
violated. Appellant’s second issue is overruled.
 
Prosecutorial Conduct
            In his third issue, Appellant argues that certain statements by the prosecuting attorney were
egregious, and the trial court committed error in refusing to grant Appellant’s ensuing motions for
mistrial. Specifically, Appellant complains of the following matters: 
 
            1.           The prosecutor asked Connie Monk, “Do you think any eight-year-old boy should be forced to know
that his father raped his sisters for four to five years?”
 
              2.          The prosecutor stated, during his further questioning of Connie Monk, “The defendant knew what he
was doing to her.”
 
              3.          The prosecutor, during his examination of Appellant, repeatedly questioned Appellant concerning his
sexual assaults on his stepdaughters, and the underlying rationale therefor.


            In each of these instances, the trial court, following Appellant’s objection and upon
Appellant’s request, instructed the jury to disregard the statements by the prosecuting attorney.When the trial court sustains an objection and instructs the jury to disregard, but denies an
appellant's motion for a mistrial, the question is whether the trial court erred in denying the mistrial.
See Sauceda v. State, 859 S.W.2d 469, 474 (Tex. App.–Dallas 1993, pet. ref’d). Only when it is
apparent that an objectionable event at trial is so emotionally inflammatory that curative instructions
are not likely to prevent the jury from being unfairly prejudiced against the defendant may a motion
for mistrial be granted. See Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992); see also
Ford v. State, 14 S.W.3d 382, 394 (Tex. App.–Houston [14th Dist.] 2000, no pet.). The asking of
an improper question, by itself, will seldom call for a mistrial. See Moore v. State, 882 S.W.2d 844,
847 (Tex. Crim. App. 1994). Rather, an instruction to disregard an improper comment is generally
sufficient to cure any harm. See Dinkins v. State, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995).
Furthermore, a curative instruction will be presumed effective unless the facts of the case suggest
the impossibility of removing the impression produced on the minds of the jury. See Waldo v. State,
746 S.W.2d 750, 754 (Tex. Crim. App. 1988).
            In the instant case, Appellant makes no argument that the trial court's instructions to disregard
were ineffective, save conclusory allegations that the prosecutor’s various statements were
prejudicial, injurious, and inflammatory. Based on our review of the record, we are unable to
conclude that the facts of the instant case, in and of themselves, suggest the impossibility of
removing the impression of the prosecutor’s statements from the jury's mind. Therefore, we hold
that the trial court's instruction to the jury to disregard the prosecutor’s statement cured the error, if
any. Appellant's third issue is overruled.
Cruel and Unusual Punishment
            In his fourth issue, Appellant argues that the seven life sentences, three of which were
cumulated, eight twenty-year sentences, two of which were cumulated, and ten thousand dollar fine
for each conviction imposed upon him by the trial court amounted to cruel and unusual punishment.
            The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant was convicted
of seven counts of aggravated sexual assault of a child, a first degree felony, see Tex. Pen. Code
Ann. § 22.021(a)(B), (e), one count of sexual assault of a child, a second degree felony, see Tex.
Pen. Code Ann. § 22.011, and seven counts of indecency with a child, a second degree felony. See
Tex. Pen. Code Ann. § 21.11(a)(1), (c). The punishment range for a first degree felony is between
five and ninety-nine years, or life. See Tex. Pen. Code Ann. § 12.32(a) (Vernon 2003). The
punishment range for a second degree felony is between two and twenty years. See Tex. Pen. Code
Ann. § 12.33(a) (Vernon 2003). Fines for both first and second degree felonies may not exceed ten
thousand dollars. See Tex. Pen. Code Ann. §§ 12.32(b), 12.33(b) (Vernon 2003). Here, the
punishments assessed by the trial court fall well within the range set forth by the legislature. 
Therefore, Appellant’s punishments are not prohibited as cruel, unusual, or excessive per se.
            Nonetheless, Appellant urges the court to perform the three-part test originally set forth in
Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the
harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and
(3) the sentences imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S.
at 292, 103 S. Ct. at 3011.


 The application of the Solem test has been modified by Texas courts and
the Fifth Circuit Court of Appeals, in light of the Supreme Court’s decision in Harmelin, to require
a threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).
            In determining whether Appellant’s sentences are grossly disproportionate, we are guided
by the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).


 In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions - one for fraudulent use of
a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in
the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant’s mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. 
            In the case at hand, any one of the offenses committed by Appellant was far more serious
than the offenses committed by the appellant in Rummel. Furthermore, the life sentence Appellant
received for each conviction of aggravated sexual assault is not more severe than the sentence
approved by the Supreme Court in Rummel. Moreover, Appellant’s twenty-year sentences resulting
from convictions for offenses also more serious than those committed by Rummel are not nearly as
severe as the life sentence upheld by the Supreme Court in that case. Even absent any prior felony
convictions on Appellant’s part, it follows that if the sentence in Rummel was not unconstitutionally
disproportionate, then neither are the sentences assessed against Appellant in the case at hand. 
Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining
elements of the Solem test. Appellant’s fourth issue is overruled.
 
Disposition
            Having overruled Appellant’s issues one, two, three, and four, we affirm the trial court’s
judgments.
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
Opinion delivered February 28, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
(DO NOT PUBLISH)