

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00695-CR

William Leonard **SMITH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR4620
Honorable Lorina I. Rummel, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Irene Rios, Justice

Delivered and Filed:  July 25, 2018

AFFIRMED

William Leonard Smith pled nolo contendere to intoxication assault pursuant to a plea

bargain agreement.  On appeal, Smith challenges the trial court's orders denying his motion to

suppress, motion to quash, and motion for new trial.  We affirm the trial court's judgment.

## PROCEDURAL BACKGROUND

Smith was charged in a two-count indictment with aggravated assault and intoxication

assault.  Both charges arose from an automobile accident caused by Smith driving the wrong way

on a divided highway.  Smith filed a pretrial motion to quash the indictment and a pretrial motion

to suppress the results of a blood draw. The trial court held separate hearings on each motion and denied them.

After the trial court denied the motions, Smith pled nolo contendere to the offense of intoxication assault pursuant to a plea bargain agreement. Smith was sentenced in accordance with the plea bargain agreement, and the trial court's certification of defendant's right of appeal states the case "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal." After sentence was imposed, Smith filed a motion for new trial which the trial court denied without a hearing. Smith appeals.

### MOTION TO SUPPRESS

In his first issue, Smith asserts the trial court erred in denying his pretrial motion to suppress. Smith's motion to suppress challenged the results of a blood draw. On appeal, Smith contends the State failed to meet its burden to prove he consented to the draw by clear and convincing evidence. Although Smith concedes the arresting officer testified he consented, Smith argues the officer's testimony is insufficient based on other evidence in the record. We disagree.

"We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review." *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). "At a motion to suppress hearing, the trial judge is the sole trier of fact and judge of credibility of witnesses and the weight to be given to their testimony." *Id*. at 190. "Therefore, we afford almost complete deference to the trial court in determining historical facts." *Id*. However, we review the trial court's application of the law to the facts de novo. *State v. Ford*, 537 S.W.3d 19, 23 (Tex. Crim. App. 2017).

Any person who is arrested for driving while intoxicated can physically refuse to provide a specimen for a breath or blood test. *Fienen v. State*, 390 S.W.3d 328, 333 (Tex. Crim. App.

2012). "The validity of an alleged consent is a question of fact, and the State must prove voluntary consent by clear and convincing evidence." *Id*.

The arresting officer, Deputy Christopher Morgan, testified he was dispatched to the scene of a major car accident caused by a wrong way driver at approximately 3:00 a.m. Upon arriving at the scene, Deputy Morgan observed a black Mercedes with major front-end damage and a blue Hyundai sports coupe that was damaged beyond recognition. Smith was identified as the driver of the Hyundai. Deputy Morgan questioned Smith about the accident, and Smith stated he thought the highway was a two-way road. While Deputy Morgan questioned Smith, he could smell alcohol emitting from his breath. Deputy Morgan testified Smith appeared very confused and disoriented but consented to field sobriety tests. Deputy Morgan testified he observed six clues in performing the HGN test but did not believe Smith was a candidate for other tests requiring physical movements because Deputy Morgan believed Smith may have sustained a leg or knee injury in the accident. Smith was able to count and recite the alphabet without any difficulties. Based on the odor of alcohol, the nature of the accident, and the HGN test, Deputy Morgan arrested Smith for driving while intoxicated.

After arresting Smith, Deputy Morgan placed him in the back seat of his patrol vehicle and showed him where a laminated copy of the DIC-24 statutory warning was affixed to the front of the seat so he could see it while Deputy Morgan read another copy to him. Deputy Morgan testified he then asked Smith if he would be willing to submit a specimen of his blood, and Smith said he would. Deputy Morgan noted Smith's consent on both the DIC-24 and DIC-25[1] forms but did not

---

[1] The DIC-25 form provides notice to a driver who refuses to provide a requested specimen that the person's driver's license is suspended and serves as a temporary driving permit for forty days. Deputy Morgan checked the boxes on the form showing that Smith provided the specimens. Deputy Morgan also checked that Smith's driver's license was not confiscated and typed the explanation "SUSPECT PROVIDED SPECIMEN."

sign the forms or require Smith to sign them. Copies of both forms containing Smith's name and other identifying information were admitted into evidence.

Deputy Morgan then transported Smith to the hospital where a nurse drew Smith's blood. Deputy Morgan testified Smith never objected during the procedure. On cross-examination, Deputy Morgan testified no videotape of his requesting and obtaining Smith's consent was available because an electric storm wiped out the video.

Judith Rances, the nurse who drew Smith's blood, testified she recognized her signature on the affidavit for drawing blood that was admitted into evidence. Although Rances testified she did not recall the blood draw, she stated she would only draw blood for law enforcement if they had a warrant or the person consented. Absent a warrant, Rances further testified she always checked with the patient to ensure the patient consented and would not draw blood without the consent.

In his brief, Smith argues the following evidence militates against a finding that the record contains clear and convincing evidence of consent: "(1) the nurse's lack of recollection on the issue of consent; (2) the ambiguities in the DIC-24 & DIC-25 forms, including the officer's failure to sign same; (3) the absence of audio or video documenting Smith's consent; (4) Smith's injuries from the car accident; (d) Smith's fatigue at well after 4:00 a.m.; and (6) the absence of evidence as to the patrolman's experience in the consent procedures associated with DWI arrests." Although each of these facts could affect the weight to be given Deputy Morgan's testimony and whether his testimony was credible, the trial judge is the sole judge of such weight and credibility. Furthermore, Smith discounts Rances's testimony that she always checked to ensure the patient consented before drawing blood. Deferring to the trial court's findings regarding the credibility of the witnesses and the weight to be given their testimony, we hold the State met its burden to

prove consent by clear and convincing evidence, and the trial court did not err in denying Smith's motion to suppress.

## MOTION TO QUASH

In his second issue, Smith challenges the trial court's denial of his pretrial motion to quash. In his written motion, Smith argued the indictment did not contain the required certainty because it failed to identify the penal code provisions with which Smith was charged, "and the plain language of the indictment does not enable Defendant to infer with what offense he has been charged. For example, it is unclear whether Defendant has been charged with Aggravated Assault, pursuant to Section 22.02 of the Texas Penal Code, or Intoxication Assault, pursuant to Section 49.07 of the Texas Penal Code." In his briefing on appeal, Smith asserts the indictment was "multiplicitious" because the two counts charged him with the same offense for double jeopardy purposes.

In its brief, the State contends Smith did not preserve the argument presented in his brief for purposes of appellate review. The State asserts defense counsel made the argument that the indictment presented a "jeopardy issue" for the first time at the hearing on Smith's motion. Because defense counsel did not explain the "jeopardy issue" but immediately returned to a different argument, the State asserts the issue presented in Smith's brief on appeal "is completely different from the argument presented to the trial court and is not preserved for review." The State acknowledges, however, that the prosecutor responded to defense counsel's argument at the hearing by asserting:

> [O]ur understanding of the law and what the [sic] states is that he can be convicted of both just not sentenced on both. So we don't think that there is a double jeopardy inherent in this, it's just he could be — the jury can decide to convict on both and then when we come to sentencing we'll get one sentence covering both. So, there is no double jeopardy issue as defense counsel alleges.

In his reply brief, Smith responds, "If an argument lodged in the trial court was articulated with sufficient specificity for the opposing counsel to argue against it, it is spurious to suggest that the argument was not properly preserved."

Article 27.10 of the Texas Code of Criminal Procedure requires all motions to set aside an indictment to be in writing. TEX. CODE CRIM. PROC. ANN. art. 27.10 (West 1989). "Two readily identifiable purposes are furthered by article 27.10's written requirement." *State v. Abrego*, 974 S.W.2d 177, 179 (Tex. App.—San Antonio 1998, no pet.); *see also State v. Goldsberry*, 14 S.W.3d 770, 775 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). "First, written notification assures adequate notice to the State either allowing an opportunity for amendment, or at the very least, providing the State an opportunity to prepare for a hearing on such issue." *Abrego*, 974 S.W.2d at 179; *see also Goldsberry*, 14 S.W.3d at 775. "Second, article 27.10's written requirement preserves matters for appellate review." *Abrego*, 974 S.W.2d at 179; *see also Faulks v. State*, 528 S.W.2d 607, 609 (Tex. Crim. App. 1975) (holding oral motion to quash preserves nothing for review); *Goldsberry*, 14 S.W.3d at 775 (asserting "written notification preserves any error for appellate review"). "A trial court errs in granting a motion to quash based on a verbal argument made at a pretrial hearing that is not included in the written motion." *State v. Murray*, No. 04-14-00328-CR, 2015 WL 574871, at *1 (Tex. App.—San Antonio Feb. 11, 2015, no pet.) (not designated for publication); *see also State v. York*, 31 S.W.3d 798, 803 (Tex. App.—Dallas 2000, pet. ref'd); *Goldsberry*, 14 S.W.3d at 775; *Abrego*, 974 S.W.2d at 179. Because Smith's double jeopardy argument was a verbal argument made at the pretrial hearing that was not included in his written motion, he did not preserve this complaint for our review.[2]

---

[2] Even if error had been preserved, we would hold the trial court did not err by denying the motion to quash. The State is permitted to allege multiple offenses in one indictment, and no double jeopardy issue arises if the jury is later instructed that it may convict on only one of them. *See Crocker v. State*, 573 S.W.2d 190, 197 (Tex. Crim. App. 1978); *Gonzalez v. State*, 516 S.W.3d 18, 23 (Tex. App.—Corpus Christi 2016, pet. ref'd); *see also Saenz v. State*,

## MOTION FOR NEW TRIAL

Smith's third issue challenges the trial court's denial of his motion for new trial. This is an appeal from a plea bargain case which is governed by Rule 25.2 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.2. Unless a trial court gives a defendant permission to appeal, Rule 25.2(a)(2) limits a defendant's right of appeal in a plea bargain case to "matters that were raised by written motion filed and ruled on before trial." TEX. R. APP. P. 25.2(a)(2). Because Smith entered into a plea agreement and his appeal is governed by Rule 25.2(a)(2), this court does not have jurisdiction to consider Smith's third issue. *See Ramirez v. State*, 75 S.W.3d 5, 5-6 (Tex. App.—San Antonio 2001, pet. ref'd); *Morfin v. State*, 34 S.W.3d 664, 668 (Tex. App.—San Antonio 2000, no pet.).

### CONCLUSION

The trial court's judgment is affirmed.

Irene Rios, Justice

DO NOT PUBLISH

---

166 S.W.3d 270, 272 (Tex. Crim. App. 2005) ("The Fifth Amendment's multiple punishments prohibition is violated when a defendant is convicted of more offenses than the legislature intended.") (internal quotation omitted); *Bennett v. State*, 471 S.W.3d 5, 11 (Tex. App.—El Paso 2015, pet. ref'd) (noting "even if the Court in *Saenz* believed that a constitutional violation had existed at the *charging* stage of the proceedings, it clearly believed that any such violation did not completely taint the proceedings, and that the violation could be remedied by ensuring that only one conviction stood in the defendant's case") (emphasis in original).