Bret Matthew **GALLIFORD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–01–01053–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 20, 2003.

Douglas M. O'Brien, Houston, for appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Dan McCrory, Assistant District Attorney, Houston, for appellee.

Panel consists of Justices HEDGES, KEYES, and EVANS.*

## OPINION

EVELYN V. KEYES, Justice.

Bret Matthew Galliford, appellant, pleaded guilty to indecent exposure.[1] The trial court assessed punishment at 60 days' confinement. In one point of error, appellant argues that the trial court erred in

denying his motion to set aside the information. We affirm.

### Facts

Appellant was charged by information with indecent exposure under section 21.08 of the Texas Penal Code. The charging information alleged in pertinent part the following:

in Harris County, Texas, BRET MATTHEW GALLIFORD, hereafter styled the Defendant, heretofore on or about March 19, 2001, did then and there unlawfully expose his PART OF HIS GENITALS, NAMELY HIS PENIS to JEONTE WARREN with intent to arouse and gratify the sexual desire of JEONTE WARREN and BRET MATTHEW GALLIFORD, and the Defendant was reckless about whether another person was present who would be offended and alarmed by the act, to-wit: MASTURBATING HIS PENIS.

Appellant filed a motion to set aside the information, complaining, in relevant part, that the information failed to allege the acts relied on by the State to constitute the required recklessness and the place of the alleged act.

The trial court denied appellant's motion on September 6, 2001. On September 10, 2001, appellant entered into a plea bargain, which the trial court followed, in which his punishment would not exceed a $2,000 fine and 180 days' confinement. The standard form plea bargain signed by appellant contained the statement that appellant "knowingly and voluntarily" waived his right of appeal. However, the "Special Notice of Appeal" filed by appellant pursuant to former Rule 25.2(b) included an order of the

---

* The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. See TEX. PEN.CODE ANN. § 21.08 (Vernon 1994).

trial court, signed and also dated September 10, 2001, stating the "substance of appeal was raised by written motion and ruled on before trial." The order further states, "Permission to appeal is hereby granted by the Court."

## Jurisdiction and Waiver

We first address our jurisdiction to entertain this appeal. *See State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App.1996); *Phillips v. State,* 77 S.W.3d 465, 466 (Tex. App.-Houston [1st Dist.] 2002, no pet.).

*Waiver of Right to Appeal*

■ Appellant signed, under oath, a waiver of his right to appeal if the trial court followed the State's recommendation as to punishment. This Court has held that in such cases the appellant should be held to his bargain, and the appeal dismissed. *Buck v. State,* 45 S.W.3d 275, 277–78 (Tex. App.-Houston [1st Dist.] 2001, no pet.); *Lacy v. State,* 56 S.W.3d 287, 288 (Tex. App.-Houston [1st Dist.] 2001, no pet.) (notice of appeal specified appeal was from denial of motion to suppress). However, the trial judge's order granting permission to appeal rebuts the presumption that appellant waived the right to appeal. *Alzarka v. State,* 90 S.W.3d 321, 324 (Tex.Crim. App.2002).

*Compliance with the Texas Rules of Appellate Procedure*

■ The notice of appeal filed by appellant complied with former Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure, which stated that, in a plea-bargained case in which the sentence accords with the plea bargain agreement, "the notice must: (A) specify that the appeal is for a jurisdictional defect; (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (C) state that the trial court granted permission to appeal." Tex.

R.App. P. 25.2(b)(3), 948–49 S.W.2d (Texas Cases) LXI, XCVI (Tex.Crim.App.1997) (amended effective January 1, 2003). Unless the notice of appeal meets the rule's requirements, jurisdiction over the appeal is not conferred on the appellate court. *See White v. State,* 61 S.W.3d 424, 429 (Tex. Crim.App.2001). The notice of appeal in this case complied with subsections (B) and (C) of the former rule.

*Conclusion*

Here, appellant moved to quash the indictment, and the trial court denied the motion. Appellant then entered into a plea bargain, which was accepted and followed by the trial court. Appellant filed a proper notice of appeal on the same day as the plea bargain, and, by order written on the notice of appeal, the trial court granted appellant permission to appeal the ruling on the motion to quash. From the record in this case, we conclude that appellant did not waive his right to appeal and filed a proper notice of appeal under former Rule 25.2(b)(3). Therefore, we reach the merits of the appeal.

## Issue

In his sole point of error, appellant argues that the trial court erred in failing to grant his motion to set aside the information. Appellant argues that the charging instrument did not allege, with reasonable certainty, the act or acts relied upon to constitute recklessness. He specifically argues that the information failed to allege the reckless act and the place of the reckless act, thereby failing to provide him adequate notice to prepare a defense. Appellant argues that the reckless act should have been set out by language such as, "The appellant masturbated his penis in a public park after seeing the complainant approach him."

## Standard of Review

■ We review a trial court's ruling on a motion to set aside an information for an abuse of discretion. *State v. Goldsberry*, 14 S.W.3d 770, 772 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles by acting arbitrarily or unreasonably. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App.1990).

## Discussion

The Texas Penal Code provides that a person commits the offense of indecent exposure if "he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act." TEX. PEN.CODE ANN. § 21.08 (Vernon 1994). A person is reckless if he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances surrounding his conduct exist or the result of his conduct will occur. TEX. PEN.CODE ANN. § 6.03 (Vernon 1994). The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. *Id.* Whenever recklessness is an element of an offense, the information must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness. TEX.CODE CRIM. PROC. ANN. art. 21.15 (Vernon 1989). The information must allege more than that the accused acted recklessly. *Id.*

*Sufficient Allegation of Reckless Act*

■ Appellant argues that the information failed to allege with reasonable certainty the acts relied upon to show that he acted recklessly.

■ To be adequate, an information alleging indecent exposure must allege (1) the act relied on to constitute recklessness, and (2) an act or circumstances which indicate that the defendant acted in a reckless manner. *See Gengnagel v. State*, 748 S.W.2d 227, 228–30 (Tex.Crim.App.1988). Thus, in a case such as this one, the information "must allege circumstances which indicate that appellant was aware of the risk that another person was present who would be offended by his act ... and that appellant acted in conscious disregard of that risk." *Id.* at 230.

Here, the information alleged appellant's act of exposing his penis "to JEONTE WARREN," together with the separate reckless act of "masturbating his penis"; and it alleged that "the defendant was reckless about whether another person was present who would be offended and alarmed by the act to-wit: MASTURBATING HIS PENIS." By alleging not only that appellant exposed his penis, but by alleging the separate act of "masturbating his penis," the information met the first requirement of *Gengnagel* by stating, with reasonable certainty, the act relied on to constitute recklessness. The information met the second requirement by expressly alleging that the act of masturbation was directed at appellant himself and Jeonte Warren and that appellant was reckless about whether another person was present who might be offended and alarmed by his act of self-gratification, namely Jeonte Warren.

This case is comparable to *Vasquez v. State*, 9 S.W.3d 839 (Tex.App.-San Antonio 1999, pet. ref'd), in which the court of appeals distinguished *Gengnagel*, stating:

> We ... find that the information in this case can be distinguished from the defective information in *Gengnagel*. The information in *Gengnagel* alleged that the defendant exposed his genitals and

then merely repeated exposition of genitals as the act constituting recklessness. In this case, the State alleged that Vasquez exposed his genitals and alleged the separate act of masturbation as the act constituting recklessness. . . .

*Vasquez,* 9 S.W.3d at 840. Here, likewise, the information alleged appellant's act of exposing his penis to Jeonte Warren, together with the separate reckless act of "masturbating his penis" in the presence of Warren. We, therefore, find that the information adequately alleged recklessness.

We recognize that the Corpus Christi Court of Appeals has recently held that an information similar to that in this case failed to satisfy the second requirement in *Gengnagel,* stating, "[B]ecause the information does not expressly allege the act was directed at a specific individual, the information does not allege the acts or circumstances relied on to demonstrate that the forbidden conduct was committed in a reckless manner." *Hankins v. State,* 85 S.W.3d 433, 437 (Tex.App.-Corpus Christi, 2002, no pet.). Here, of course, the information does state that appellant directed the act of masturbation at Jeonte Warren and himself. Moreover, the Texas Court of Criminal Appeals has expressly held that the person "to whom the exposure is directed is not an essential element of the offense of indecent exposure" and that, "[a]lthough it is better practice to plead, where applicable, an accused exposed himself to a specified person or persons, failure to allege this would not render an indictment or information fundamentally defective." *Wallace v. State,* 550 S.W.2d 89, 91 (Tex.Crim. App.1977); *see also Metts v. State,* 22 S.W.3d 544, 547 (Tex.App.-Fort Worth 2000, pet. ref'd) (person to whom offense is directed is not an essential element of the indecent exposure); *State v. York,* 31 S.W.3d 798, 802 (Tex.App.-Dallas 2000,

pet. ref'd) (same); *Broussard v. State,* 999 S.W.2d 477, 483 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd); *Hefner v. State,* 934 S.W.2d 855, 857 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd).

*Place of the Act*

■ Appellant also argues that the information is defective for lack of notice for failing to allege the place of the act with greater specificity.

■ A charging instrument must convey sufficient notice to allow the accused to prepare his defense; specifically, it must allege all facts and circumstances necessary to establish the material elements of the offense. *Goldsberry,* 14 S.W.3d at 772–73. A charging instrument tracking the language of the statute will, as a general rule, satisfy constitutional and statutory notice requirements. *Id.*

■ If an information alleges all essential elements of an offense and the defendant requests only additional factual allegations beyond those, the defect raised is one of form. *See Janecka v. State,* 739 S.W.2d 813, 819 (Tex.Crim.App.1987) (discussing indictments). Under the Code of Criminal Procedure Article 21.19, an information is not insufficient if the defect is one of form that does not prejudice the substantial rights of the appellant. TEX. CODE CRIM. PROC. ANN. art. 21.19 (Vernon Supp.2003). To prejudice the substantial rights of the defendant, the defect must be to such a degree that the information does not provide adequate notice to the defendant to prepare a defense. *Adams v. State,* 707 S.W.2d 900, 903 (Tex.Crim.App. 1986).

The Court of Criminal Appeals has held that the essential elements of the offense of indecent exposure are (1) a person (2) exposes his anus or any part of his genitals (3) with intent to arouse or gratify the

sexual desire of any person and (4) is reckless about whether another is present who will be offended or alarmed by his act. *Wallace v. State*, 550 S.W.2d 89, 91 (Tex. Crim.App.1977). Here the information contained all the essential elements of the offense, specifically (1) that appellant (2) exposed his penis (3) to Warren with the intent to arouse and gratify the sexual desire of Warren and himself and (4) that appellant masturbated his penis with reckless disregard as to whether another person who would be offended was present, namely Warren. Since the information alleged all essential elements of the offense of indecent exposure, the alleged defect raised is one of form.

Appellant does not state how any lack of notice of additional factual allegations in the information hindered his ability to prepare his defense. *See Adams v. State*, 707 S.W.2d 900, 903–04 (Tex.Crim.App.1986). Since the information alleged all of the facts and circumstances necessary to establish the elements of the offense, and since appellant has not shown any impact of the alleged lack of notice on his ability to prepare a defense, we hold that the information did not prejudice the substantial rights of the appellant.

We overrule appellant's sole point of error.

## Conclusion

We affirm the judgment of the trial court.