Opinion issued on November 20, 2003



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01269-CR




JASON GLENN CLAUS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 883,934




MEMORANDUM OPINION

          Appellant, Jason Glenn Claus, was charged with aggravated robbery. After
appellant pleaded guilty to aggravated robbery, the trial court deferred adjudication
of appellant’s guilt, placed him on community supervision for 10 years, and assessed
a $1,000.00 fine. The State subsequently filed a motion to adjudicate appellant’s guilt
for violations of the terms and conditions of his community supervision. Appellant
entered a plea of true to the State’s motion and was sentenced to eight years’
confinement. Appellant now complains that his guilty plea was void and, thus, that
the trial court lacked jurisdiction to enter judgment against him. We affirm. 
BACKGROUND
          On August 2, 2001, appellant was charged with aggravated robbery. On
August 10, 2001, appellant appeared in person before the court, and the following
transpired: (1) appellant waived his right to be prosecuted by indictment; (2)
appellant waived his right to have a court reporter record his plea; (3) appellant
entered a plea of “guilty” to aggravated robbery;(4) appellant moved for community
supervision; (5) appellant waived his right to appeal; and (6) the trial court deferred
adjudication of appellant’s guilt, placed him on community supervision for 10 years,
and assessed a $1,000 fine. Apparently, six of the documents generated during
appellant’s court appearance on August 10, 2001were mistakenly date-stamped “July
10, 2001.”



          In 2002, the State filed a motion to adjudicate appellant’s guilt. Appellant
entered a plea of true to the community supervision violations alleged in the State’s
motion.


 Appellant was sentenced to eight years’ confinement. Appellant waived his
right to appeal and no permission to appeal was granted. Appellant subsequently
filed a pro se notice of appeal, and counsel was appointed. DISCUSSION
          In his sole point of error, appellant argues that his conviction is void because
the charging instrument was inadequate, and, thus, that the trial court lacked
jurisdiction to enter judgment against him. Specifically, appellant suggests the record
shows that the charging instrument was executed prior to the date of the offense,
rendering his guilty plea and, consequently, the judgment against him, void.


 
          A defendant may normally not appeal issues relating to the original plea
proceeding in an appeal, such as this one, from an order adjudicating guilt. See
Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). An exception
arises when the original plea proceeding is void. See Nix v. State, 65 S.W.3d 664,
667-68 (Tex. Crim. App. 2001); Jordan v. State, 54 S.W.3d 783, 785 (Tex. Crim.
App. 2001). A void judgment is a “nullity” and can be attacked at anytime. Nix, 65
S.W.3d at 668. Here, appellant’s claim appears to fall within the recognized
exception to the general rule allowing an appeal when the original proceeding is void. 
See id. 
          Only in rare situations, usually due to lack of jurisdiction, will a judgment be
void. Jordan, 54 S.W.3d at 785; cf. also Ex parte McCain, 67 S.W.3d 204, 209 (Tex.
Crim. App. 2002) (“void” convictions are those in which trial court lacked
jurisdiction over person or subject matter or in which judge lacked qualification to act
in any manner). A judgment of conviction for a crime is void when (1) the document
purporting to be a charging instrument (i.e. indictment, information, or complaint)
does not satisfy the constitutional requisites of a charging instrument, so that the trial
court has no jurisdiction over the defendant; (2) the trial court lacks subject matter
jurisdiction over the offense charged; (3) the record reflects that there is no evidence
to support the conviction;


 or (4) an indigent defendant is required to face criminal
trial proceedings without appointed counsel, when such has not been waived. Nix,
65 S.W.3d at 668. For a judgment to be void, however, the record must leave no
question about the existence of the fundamental defect. Id. at 668-69.
          Under Texas law, a charging instrument must convey sufficient notice to allow
the accused to prepare his defense; specifically, it must allege all facts and
circumstances necessary to establish the material elements of the offense. Galliford
v. State, 101 S.W.3d 600, 605 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d.);
State v Mays, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998); Tex. Code Crim. Proc.
Ann. art. 21.03 (Vernon 1989). A charging instrument tracking the language of the
statute will, as a general rule, satisfy constitutional and statutory notice requirements. 
Galliford, 101 S.W.3d at 606. Here, both the complaint and the information state:
in Harris County, Texas, Jason Glenn Claus, hereinafter styled the
Defendant, heretofore on or about August 1, 2001, did then and there
unlawfully, while in the course of committing theft of property owned
by Brian Brothers and with intent to obtain and maintain control of the
property, intentionally and knowingly threaten and place Brian Brothers
in fear of imminent bodily injury and death, and the Defendant did then
and there use and exhibit a deadly weapon, to-wit: a firearm. 
 
Both documents track the language of the criminal statute, thus satisfying
constitutional and statutory notice requirements. See Galliford, 101 S.W.3d at 605;
Tex. Pen. Code Ann. § 29.03 (Vernon 1989) (elements of aggravated robbery
offense). Because the complaint and the information satisfy the constitutional
requisites of a charging instrument, the trial court had jurisdiction over appellant, and,
thus, the judgment of conviction is not void. See Nix, 65 S.W.3d at 668-69. 
          Furthermore, careful review of the record exposes the fallacy of appellant’s
argument. Although the record shows that appellant’s judicial confession, plea
papers, and waiver of indictment were incorrectly date-stamped, these documents
were executed as a part of the plea proceedings, and are not a part of the charging
instrument. No defect exists in either the information or the complaint. Put simply,
no factual basis exists for appellant’s claim. 
          We overrule appellant’s sole point of error.
CONCLUSION
          We affirm the judgment of the trial court.
          

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Taft and Keyes.
Do not publish. Tex. R. App. P. 47.2(b).