Opinion issued November 20, 2008












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00860-CR




JOSEPH DENVER SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1447260




 
 
MEMORANDUM OPINION
          Appellant, Joseph Denver Smith, appeals from a judgment convicting him of 
indecent exposure, for which he was sentenced to 180 days in jail, suspended for 18
months of community supervision, and fined $500.00. See Tex. Penal Code Ann.
§ 21.08 (Vernon 2003). In his sole issue, appellant asserts that the trial court erred
by denying his motion to quash because the information is fundamentally defective
for failing to allege, with reasonable certainty, the acts relied upon to constitute
recklessness, an element of the offense. We hold the information is not
fundamentally defective. We affirm.
Background
          On April 12, 2007, a Houston police officer was working in an undercover
capacity in response to reports of sexual activity occurring in Memorial Park. Using
an unmarked vehicle, the officer parked and waited in a Memorial Park parking lot. 
The officer then observed appellant drive up and park in a lot nearby. After appellant
stared at and gestured toward the officer, the officer left his vehicle and walked to the
patio area of a bathroom building in the park. Appellant followed the officer, who
acted as though he was masturbating himself. Appellant then began to masturbate,
eventually exposing his penis. Shortly thereafter, the officer identified himself as a
police officer and arrested appellant for indecent exposure. 
          Appellant was charged by information with indecent exposure. The
information alleged, in pertinent part, the following:
[I]n Harris County, Texas JOSEPH DENVER SMITH, hereafter styled
the Defendant heretofore on or about APRIL 12, 2007, did then and
there unlawfully expose his GENITALS to S. FARQUHAR with intent
to arouse and gratify the sexual desire of THE DEFENDANT, and the
Defendant was reckless about whether another person was present who
would be offended and alarmed by the act, to wit: THE DEFENDANT
EXPOSED HIS PENIS AND MASTURBATED.
          Appellant filed a Motion to Quash, complaining that the information failed to
allege with reasonable certainty the acts relied upon to constitute recklessness. The
trial court denied appellant’s motion. Appellant pleaded not guilty, was found guilty
by the jury, and sentenced by the court. 
Motion to QuashIn his sole point of error, appellant claims that the information is fundamentally
defective in that it fails to allege, with reasonable certainty, the acts relied upon to
constitute recklessness, an element of indecent exposure. See Tex. Penal Code
Ann. § 21.08. Specifically, appellant claims that the information failed to allege
circumstances indicating that appellant was aware of the risk that another person was
present who would be offended by the act of exposing himself and that appellant
acted in conscious disregard of that risk. See Tex. Code Crim. Proc. Ann. art. 21.15
(Vernon 1989). While appellant purports to challenge the information as
fundamentally defective, appellant’s actual complaint is that the trial court denied his
motion to quash the information for failing to give sufficient notice as to how he was
reckless. 
          A. Law of Indecent Exposure
          “A person commits an offense [of indecent exposure] if he exposes his anus or
any part of his genitals with intent to arouse or gratify the sexual desire of any person,
and he is reckless about whether another is present who will be offended or alarmed
by his act.” Tex. Pen. Code Ann. § 21.08(a). The Texas Penal Code specifies that:
A person acts recklessly, or is reckless, with respect to circumstances
surrounding his conduct or the result of his conduct when he is aware of
but consciously disregards a substantial and unjustifiable risk that the
circumstances exist or the result will occur. The risk must be of such a
nature and degree that its disregard constitutes a gross deviation from
the standard of care that an ordinary person would exercise under all the
circumstances as viewed from the actor’s standpoint.
 
Id. § 6.03(c).                                                  B. Standard of Review
          We review a trial court’s ruling on a motion to set aside an information on an
abuse-of-discretion standard. See State v. Goldsberry, 14 S.W.3d 770, 772 (Tex.
App.— Houston [1st Dist.] 2000, pet. ref’d). The test for abuse of discretion is
whether the court acted without reference to any guiding rules and principles by acting
arbitrarily or unreasonably. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim.
App. 1990).C. Sufficient Allegation of Reckless Act
          Whenever recklessness is an element of an offense, the information must allege,
with reasonable certainty, the act or acts relied upon to constitute recklessness. Tex.
Code Crim. Proc. Ann. art. 21.15. It is insufficient for the information to only state
that the accused acted recklessly. Id.; Galliford v. State, 101 S.W.3d 600, 603 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d). To allege recklessness, an information
charging indecent exposure must allege (1) the act relied on to constitute recklessness,
and (2) an act or circumstances that indicate the defendant acted in a reckless manner. 
See Gengnagel v. State, 748 S.W.2d 227, 229–30 (Tex. Crim. App. 1988) (holding
information insufficient by failing to allege “any act or circumstances” to show
exposure was done in a reckless manner). 
          The information in this case sufficiently describes the acts relied upon to
constitute recklessness. The information meets the first requirement by alleging that
appellant exposed his penis and masturbated. See id at 229. The second requirement,
that the pleading allege an act or circumstance that indicates appellant acted in a
reckless manner, is met by the assertion that appellant “exposed his penis and
masturbated” while he was “reckless about whether another person was present who
would be offended and alarmed by the act.” See Galliford, 101 S.W.3d at 602, 604
(holding information sufficient by pleading Galliford exposed “PART OF HIS
GENITALS, NAMELY HIS PENIS . . . with intent to arouse and gratify the sexual
desire of JEONTE WARREN and BRET MATTHEW GALLIFORD, and the
Defendant was reckless about whether another person was present who would be
offended and alarmed by the act, to-wit: MASTURBATING HIS PENIS”); Vasquez
v. State, 9 S.W.3d 839, 840 (Tex. App.—San Antonio 1999, pet ref’d) (holding
information sufficient by pleading Vasquez exposed “PART OF DEFENDANT’S
GENITALS with intent to arouse and gratify the sexual desire of SAID DEFENDANT
and did so recklessly about whether another person was present who would be
offended and alarmed by defendant’s act, to wit: THE SAID DEFENDANT
MASTURBATED HIS PENIS IN THE PRESENCE OF THE SAID
COMPLAINANT”).
          We conclude that the information alleged, with reasonable certainty, the acts
relied upon to constitute recklessness. We hold that the trial court did not err by
denying appellant’s motion to quash the information.
Conclusion
          We affirm the judgment of the trial court. 
                                                                        Elsa Alcala
                                                                        Justice
 
Panel consists of Justices Taft, Keyes, and Alcala. 
 
Do not publish. See Tex. R. App. P. 47.2(b).