Opinion issued January 9, 2003





















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-00-00706-CR
____________
 
DAGAN RAY RUTZ, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 825374
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Dagan Ray Rutz, guilty of manslaughter, found that a
deadly weapon was used in the commission of the offense, and assessed appellant’s
punishment at five years confinement with a $5000 fine. The trial court also ordered
appellant, as a condition of his parole, to pay restitution to the decedent’s family
totaling $9,051.95.
          Appellant presents six issues for review, arguing that the trial court erred in
denying his motion to quash the indictment, in admitting hearsay testimony, and in
ordering restitution as a condition of parole. He also contends that the evidence was
legally and factually insufficient to support his conviction and the jury’s deadly
weapon finding. We affirm.
Facts and Procedural Background
          At trial, James Risk testified that, on the evening of December 2, 1998, he was
driving his pickup truck northbound on Highway 6 in Harris County when he saw a
light-colored automobile approaching from the opposite direction at “over a hundred
miles per hour.” The light-colored car, later determined to have been appellant’s
white Acura, suddenly crossed the center stripe, swerved into Risk’s lane, and clipped
the front bumper of Risk’s truck before continuing on toward other northbound
traffic. Appellant’s car subsequently struck an automobile driven by the decedent,
Silas Leite, with such force that appellant’s car split in two. Harris County Assistant
Medical Examiner Dr. Paul Shrode testified that the decedent was killed instantly in
this collision.
          The front half of appellant’s car subsequently struck a pickup truck driven by
Kolby Kettler, who testified that, immediately after the collision, he spoke to
appellant while appellant was still trapped inside his car, and appellant stated,
“[S]omeone cut me off. I didn’t mean for this to happen.”
          Betty Cox testified that her car was traveling in the lane next to the decedent’s
automobile and that she saw appellant’s car cross into the northbound lanes and
collide with the decedent’s automobile. Shortly after the collision, a young man later
identified as Kaleel Tabel approached Cox and told her that “he had gotten off work
and that he and the car, the white Acura had been racing from light to light.” Cox
testified that the man who made these statements to her had been driving a Ford
Mustang.
          Houston Police Officer L.M. Labdi testified that he participated in the
investigation of the collision and that the posted speed limit at the time of the
collision was 50 miles per hour. Officer Labdi identified Kaleel Tabel as the driver
of the Ford Mustang. Tabel did not testify.
          Houston Police Officer M. W. Potel testified as an expert in accident
investigation and reconstruction. Based on his personal investigation of this incident,
the statements from the witnesses, his findings at the scene, the damage to the cars,
and his calculations concerning the speeds of the cars at the time of and after the
collision, Officer Potel formed the opinion that appellant’s car was traveling
approximately 80 to 100 miles per hour at the time his car collided with the
decedent’s car. Officer Potel also testified that he formed the opinion that appellant
was racing with the driver of the Mustang and was driving recklessly.
          Gail McCorkle and Arthur Mogart, friends of appellant, testified that, on two
separate occasions, appellant admitted to each of them that he had been racing two
Ford Mustangs and had been driving at speeds between 80 and 100 miles per hour
immediately before the collision. McCorkle testified that appellant told him after the
accident, in March or April of 1999, that “if he hadn’t been on cocaine that night” the
collision would not have occurred. Mogart also testified that appellant told him he
was “high” at the time of the collision. On cross-examination, Mogart admitted that
he was currently living with appellant’s ex-girlfriend.
          Appellant’s medical records indicated that a blood test administered
approximately two hours after the accident did not detect the presence of cocaine but
did detect the presence of cannabinoids.
          Tim Robinson, another friend of appellant, testified that he saw appellant at
another friend’s house a few hours before the collision and never saw appellant take
or use any narcotics. Appellant gave Robinson a ride home just before the collision. 
On cross-examination, Robinson admitted he was currently serving a jail sentence for
theft and had two prior theft convictions.
          Sam Sweitzer, another friend of appellant, testified that he spent most of the
day of the accident with appellant and that appellant had purchased new tires and rims
for his car that day. He did not see appellant use any narcotics, but admitted he did
not see appellant for one or two hours before the collision. Sweitzer’s father, Bill,
testified he met with appellant for about five minutes shortly before the collision
when appellant came to Bill’s house looking for Sam Sweitzer. Bill Sweitzer testified
that he did not notice anything “unusual” about the way appellant was acting.
          Appellant’s mother, Sheila Berthelsen, testified that appellant could not have
made the statements attributed to him by Gail McCorkle because in March of 1999
appellant was living in Corpus Christi, returned to Houston for surgery to repair a
severed nerve, and remained in the hospital from March 10th to the 15th. After that,
appellant lived with her for two weeks before returning to Corpus Christi. Appellant
later returned to Houston at the end of April 1999.
Motion to Quash
          In his first issue, appellant contends that the trial court erred in denying his
motion to quash the indictment. Specifically, appellant claims the indictment was
unconstitutionally vague in using the term “high rate of speed” and failed to provide
him with sufficient notice of the offense with which he was charged.
          We review a trial court’s ruling on a motion to quash an indictment for abuse
of discretion. Thomas v. State, 621 S.W.2d 158, 163 (Tex. Crim App. 1980); State
v. Goldsberry, 14 S.W.3d 770, 772 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). 
The test for abuse of discretion is whether the trial court acted arbitrarily or
unreasonably and without reference to any guiding rules and principles. Montgomery
v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).
          The indictment reads, in relevant part, as follows:
[Appellant] . . . on or about DECEMBER 2, 1998, did then and there
unlawfully, [sic] recklessly cause the death of SILAS LEITE BY
DRIVING AN AUTOMOBILE AT A HIGH RATE OF SPEED AND
BY FAILING TO MAINTAIN CONTROL OF THE AUTOMOBILE
AND BY FAILING TO MAINTAIN A SINGLE LANE OF TRAFFIC
AND BY FAILING TO GUIDE HIS VEHICLE AWAY FROM THE
VEHICLE DRIVEN BY SILAS LEITE SUCH THAT THE
AUTOMOBILE DRIVEN BY [appellant] DID COLLIDE WITH THE
VEHICLE DRIVEN BY SILAS LEITE.

          Whenever the State charges a defendant with reckless conduct in the
commission of an offense, the charging instrument must allege, with reasonable
certainty, the acts alleged to constitute recklessness. Tex. Code Crim. Proc. Ann.
art. 21.15 (Vernon 1989). Article 21.15 provides as follows:
Whenever recklessness or criminal negligence enters into or is a part or
element of any offense, or it is charged that the accused acted recklessly
or with criminal negligence in the commission of an offense, the
complaint, information, or indictment in order to be sufficient in any
such case must allege, with reasonable certainty, the act or acts relied
upon to constitute recklessness or criminal negligence, and in no event
shall it be sufficient to allege merely that the accused, in committing the
offense, acted recklessly or with criminal negligence.

Id.     Here, the indictment charged appellant with recklessly causing the death of the
decedent by (1) driving his automobile at a high rate of speed, (2) failing to maintain
control of his automobile, (3) failing to maintain a single lane of traffic, and (4)
failing to guide his automobile away from the automobile driven by the decedent.
          Appellant contends the allegation that he was driving “at a high rate of speed”
was too vague to give him sufficient notice of the offense with which he was charged. 
However, in Townsley v. State, 538 S.W.2d 411, 412-13 (Tex. Crim. App. 1976), the
court held that an indictment charging a defendant with “recklessly caus[ing] the
death [of the decedent] by driving a motor vehicle at an excessive rate of speed”
sufficiently alleged with reasonable certainty the acts relied upon to constitute
recklessness. Id. (emphasis added).
          We conclude that the language used here was sufficient to allege with
reasonable certainty the acts relied upon by the State to constitute recklessness. 
Accordingly, we hold that the trial court did not abuse its discretion in denying
appellant’s motion to quash the indictment.
          We overrule appellant’s first issue.
 
Hearsay Testimony
          In his second issue, appellant argues that the trial court abused its discretion
in admitting hearsay testimony over his objection. Specifically, appellant objected
to the testimony of eyewitness Betty Cox that, after the collision, a man later
identified as Kaleel Tabel approached her at the scene and told her that “he and the
car, the white Acura had been racing from light to light.”
          Hearsay testimony is inadmissible. Tex. R. Evid. 802. However, Rule 803(24)
provides that a statement is not excluded by the hearsay rule if, at the time it was
made, the statement “so far tended to subject the declarant to civil or criminal liability
. . . or to make the declarant an object of hatred, ridicule, or disgrace, that a
reasonable person in the declarant’s position would not have made the statement
unless believing it to be true.” Tex. R. Evid. 803(24). In criminal cases, a statement
that tends to expose a declarant to criminal liability is not admissible “unless
corroborating circumstances clearly indicate the trustworthiness of the statement.” 
Id.
          A determination regarding the admissibility of a statement in accordance with
rule 803(24) requires a two-step inquiry. Bingham v. State, 987 S.W.2d 54, 57 (Tex.
Crim. App. 1999). First, the trial court must determine whether the statement in
question tends to expose the declarant to criminal liability. Id. That is, the statement
against the appellant’s interest must be sufficiently against the declarant’s interest to
be reliable. Guidry v. State, 9 S.W.3d 133, 149 (Tex. Crim. App. 1999). Second, the
trial court must determine whether there are corroborating circumstances that clearly
indicate the trustworthiness of the statement. Tex. R. Evid. 803(24). If both criteria
are met, then rule 803(24) is satisfied. Bingham, 987 S.W.2d at 57. We review the
trial court’s decision to admit or exclude a hearsay statement under rule 803(24)
under an abuse of discretion standard. Id.
          The record indicates that Tabel admitted to Cox that he was “racing”
appellant’s car on the night of the collision, thereby admitting to the offense of
racing


 and implicating himself in causing the decedent’s death. Such statements
exposed Tabel to potential civil and criminal liability and are sufficiently against his
interest to be considered reliable. See Tex. R. Evid. 803(24); Guidry, 9 S.W.3d at
139. The record shows the statement at issue was made to Cox a short time after the
collision, at the scene of the collision, and specifically referred to the circumstances
of the event.
          Moreover, other witnesses testified that appellant admitted to them that he had
been racing two Ford Mustangs immediately before the accident. We conclude that
these circumstances sufficiently corroborate Tabel’s statement to indicate its
trustworthiness. See Tex. R. Evid. 803(24). We hold the trial court did not abuse its
discretion in overruling appellant’s objection to Cox’s testimony.
          We overrule appellant’s second issue.
Sufficiency of the Evidence
          In his third and fourth issues, appellant challenges the legal and factual
sufficiency of the evidence to sustain his conviction. 
          We review legal sufficiency by viewing the evidence in the light most
favorable to the verdict to determine if any rational fact finder could have found the
essential elements of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d
556, 563 (Tex. Crim. App. 2000).
          Under the factual sufficiency standard, we ask “whether a neutral review of all
of the evidence both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the jury’s determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.” Id. We will reverse the fact finder’s determination only if a manifest injustice
has occurred. Id. In conducting this analysis, we may disagree with the jury’s
determination, even if probative evidence supports the verdict, but we must avoid
substituting our judgment for that of the fact finder. Id.
          As noted above, two witnesses testified that, several months after the collision,
appellant admitted to them that he had been racing two other cars at speeds between
80 and 100 miles per hour just before the collision. James Risk, who witnessed the
collision, estimated appellant’s car was traveling 100 miles per hour at the time of the
collision. Officer M. W. Potel testified that he formed the expert opinion that
appellant was driving recklessly and that appellant’s car was traveling at
approximately 80 to 100 miles per hour at the time of the collision with the
decedent’s car.
          We hold that the evidence, viewed in the light most favorable to the jury’s
verdict, was legally sufficient to support appellant’s conviction.
          Appellant presented three witnesses who testified that they did not observe
appellant take or use any narcotics in their presence on the day of the accident and
that appellant did not exhibit any signs of having taken any narcotics. However,
appellant was not charged with intoxication manslaughter. Thus, any evidence that
he was or was not intoxicated at the time of the accident was not directly relevant to
the issue of whether he was driving recklessly and failed to maintain control of his
car.
          Appellant did not contradict the eyewitness testimony, expert testimony, and
his own admissions that he was traveling at speeds up to 100 miles per hour at the
time of the collision with the decedent’s car. Appellant also did not contradict the
evidence that he failed to maintain control of his car, failed to maintain a single lane
of traffic, and failed to guide his car away from the decedent’s car. Based on our
review of the record, we hold the evidence was factually sufficient to support
appellant’s conviction.
          We overrule appellant’s third and fourth issues.
Deadly Weapon Finding
          In his fifth issue, appellant argues the evidence was “insufficient” to support
the jury’s finding that he used a deadly weapon in the commission of the offense. 
Because appellant has not specified whether his challenge is to the legal or factual
sufficiency of the evidence to support this finding, we will consider his claim as a
challenge to the legal sufficiency of the evidence. See Markey v. State, 996 S.W.2d
226, 229 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (holding general challenge
to sufficiency of evidence does not raise issue of factual sufficiency in criminal
cases). Specifically, appellant contends that evidence of a specific intent to cause
serious bodily injury or death must accompany the use of a potentially deadly weapon
in order for the evidence to support such a finding. Appellant argues that, because
he did not intend to cause serious bodily injury or death with his car, the jury could
not have reasonably found that a deadly weapon was used.
          The penal code defines a deadly weapon as “anything that in the manner of its
use or intended use is capable of inflicting death or serious bodily injury.” Tex. Pen.
Code Ann. § 1.07(a)(17) (Vernon 1994). Not all deadly weapons need be used with
an intent to achieve a specific purpose. Walker v. State, 897 S.W.2d 812, 814 (Tex.
Crim. App. 1995). The operation of an automobile may constitute the use of a deadly
weapon, and no intent to use the automobile as a weapon need be shown. Id.
          We hold no evidence of intent was necessary to support the jury’s finding that
appellant used a deadly weapon, his automobile, in the commission of the offense. 
We further hold that the evidence presented at trial was sufficient to support the jury’s
finding that appellant used a deadly weapon in the commission of the offense.
          We overrule appellant’s fifth issue.
Restitution Order
          In his sixth issue, appellant claims the evidence was “insufficient” to support
the restitution order entered by the court.
          A trial court’s determination to set an amount of restitution is reviewed under
an abuse of discretion standard. Campbell v. State, 5 S.W.3d 693, 696 (Tex. Crim.
App. 1999). The amount of restitution set must be just and must have a factual basis
for the amount ordered. Id.
          Here, the trial court originally ordered appellant to pay $10,000 in restitution
to the decedent’s family. On original submission of this appeal, the State conceded
that there was “no direct evidence of the value of the loss to [the decedent’s] estate.” 
We held that, based upon our review of the record, the evidence was not legally
sufficient to support the trial court’s order of restitution. By our order of May 30,
2002, we abated this cause for the trial court to conduct a hearing to determine a just
amount of restitution to be paid by appellant. See Barton v. State, 21 S.W.3d 287,
288-89 (Tex. Crim. App. 2000) (“The proper procedure where the amount of
restitution ordered as a condition of community supervision is not supported by the
record is to abate the appeal, set aside the amount of restitution, and remand the case
for a hearing to determine a just amount of restitution.”).
          The trial court subsequently conducted a hearing on the amount of restitution,
a record of that proceeding was filed with this Court, and this cause was reinstated.


 
The record of the restitution hearing indicates that, based on the presentation of
business records showing that the decedent’s funeral expenses totaled $9,051.95, the
trial court ordered appellant to pay restitution to the decedent’s family in that amount.
          We hold the evidence was sufficient to support the trial court’s amended order
of restitution and that the trial court did not abuse its discretion in ordering appellant
to pay restitution in the amount of $9,051.95.
          We overrule appellant’s sixth issue.
Conclusion
          We affirm the judgment of the trial court. 



                                                                        Terry Jennings
                                                                        Justice
 Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.
Do not publish. Tex. R. App. P. 47.2(b).